IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

J. L.-B., Mother of I.L., C.D.,
H.L., B.B., A.B., A.L., N.S.,
Minor Children,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

        Appellant,

CASE NO. 1D15-2544

v.

DEPARTMENT OF
CHILDREN AND
FAMILIES,

        Appellee.

_____/

Opinion filed October 13, 2015.

An appeal from the Circuit Court for Duval County.
Suzanne Bass, Judge.

Robert W. Keep, Jr., Joshua Goldsborough, and Niki Guy, Office of Criminal
Conflict & Civil Regional Counsel, Region One, Jacksonville, for Appellant.

Ward L. Metzger, Appellate Counsel, Jacksonville, for Appellee; Wendie Michelle
Cooper, Appellate Counsel, Guardian ad Litem Program, Sanford.

PER CURIAM.

        The Department of Children and Families (Department) filed a petition for

dependency after the mother in this case, J.L.-B., ended up in a physical altercation

with two of her seven minor children on January 22, 2015. Both children involved, I.L. and A.B., sustained injuries as a result of the altercation, although neither required medical attention. (I.L. had moved out of the home at the time of the dependency trial, with the mother's consent.) The mother now appeals the trial court's order finding all seven children dependent, but adjudicating dependent only I.L. and A.B., while withholding adjudication as to five of their siblings.

We have jurisdiction, under Florida Rule of Appellate Procedure 9.146(b). E.M.A. v. Dep't of Children & Families, 795 So. 2d 183, 184 (Fla. 1st DCA 2001); see In re M.C., 11 So. 3d 1013, 1014 (Fla. 2d DCA 2009); see also R.B. v. Dep't of Children & Families, 799 So. 2d 441, 442 (Fla. 5th DCA 2001) ("[A] trial court order finding a child dependent but withholding an adjudication of dependency is properly reviewable by this court pursuant to rule 9.030(b)(1)(A) of the Florida Rules of Appellate Procedure."). We affirm the trial court's order in all respects.

Affirmed.

ROWE and MARSTILLER, JJ., CONCUR; BENTON, J., CONCURS IN PART AND DISSENTS IN PART WITH OPINION.

2

BENTON, J., concurring in part and dissenting in part.

I concur in affirming the trial court's finding that I.L. and A.B. were abused and the adjudication of dependency as to those two children, but respectfully dissent from any finding that the other children were dependent.

The trial court's finding that the other five children are at substantial risk of imminent abuse, abandonment, or neglect is, in my view, not supported by the evidence. See § 39.01(15)(f), Fla. Stat. (2014). The last verified report of physical abuse involving the mother (before the present case) antedated the physical altercation with I.L. and A.B. by ten years.

Accordingly, I would affirm the adjudication of dependency as to I.L. and A.B., but reverse the finding of dependency as to C.D., H.L., B.B., A.L., and N.S.